## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**CRAIG JOSEPH AUCOIN**                          **CIVIL ACTION**

**VERSUS**                                        **NO. 21-110**

**TERREBONNE PARISH SHERIFF'S**                   **SECTION "I"(4)**
**OFFICE, ET AL.**

### ORDER AND REASONS

Plaintiff Craig Joseph Aucoin filed a **Motion to Preserve Evidence (ECF No. 7)** requesting an order directed to "defendants" to preserve certain video recordings from the Terrebonne Parish Criminal Justice Complex for locations and times generally related to some of his 42 U.S.C. § 1983 claims.

A party's duty to preserve evidence is triggered when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant. *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015); *see also*, Fed. R. Civ. Proc. 37(e). Plaintiff would bear the burden to prove that any such duty existed and whether sanctions should be imposed for breach of that duty. *Sivertson v. Citibank, N.A. as Tr. for Registered Holders of WAMU Asset-Back Certificates WAMU Series No. 2007-HE2 Tr.*, 390 F. Supp. 3d 769, 790 (E.D. Tex. 2019).

Aucoin indicates that he notified the prison officials in his prison grievance proceedings that he sought to preserve the video evidence he now seeks. He also included in his § 1983 complaint his desire to have defendants preserve video evidence related to his claims. In his current motion, Aucoin indicates that he also wrote letters to defendants' counsel on February 10, 2021, advising each of them of the need for preservation of the video evidence. ECF No. 7, at 1. He asserts that counsel replied requesting that the matter be postponed until after service of his complaint and discovery could be conducted. *Id.* It appears that prison officials and their counsel

have received notice sufficient to trigger the duty to preserve, assuming any such evidence still existed when notice was provided.

Following the Court's frivolousness review, the claims remaining for further consideration are Aucoin's 42 U.S.C. § 1983 claims of retaliation for using the grievance procedure, denial of access to a wheelchair, shower, recreation time, and assistance to a toilet while in the disciplinary cell beginning March 17, 2020, and denial of access to his wheelchair which caused his fall on September 3, 2020, and denial of assistance to the toilet after his fall on September 3, 2020, against remaining defendants, Sheriff Larpenter, Colonel Daigre, Sheriff Soignet, Major Bergeron, Warden Ledet, Lt. Schwausch, Mr. Neal, Lt. Theriot, Lt. Harris, and Deputy Billiot. In his motion, Aucoin's request includes preservation of video evidence which appears related to these remaining claims or time periods:

(1)     Medical Bench: March 18, 2020 11:00 a.m. to 1:00 p.m.; and September 3, 2020 7:00 p.m. to 10:00 p.m.

(2)     Dorm B-200 (disciplinary cell): March 17, 2020 5:00 p.m. to 7:00 p.m.; April 15, 2020 6:00 a.m. to 8:00 a.m. and 11 a.m. to 1:00 p.m.; May 22, 2020 6:00 a.m. to 8:00 a.m. and 10:00 a.m. to 1:00 p.m.; August 11, 2020 9:00 a.m. to 12:00 p.m.; September 3, 2020, 7:00 p.m. to 10:00 p.m.

(3)     Lockdown Dorm C-100: April 15, 2020 11:00 a.m. to 1:00 p.m.

(4)     Body Camera of Lt. Theriot: April 15, 2020 11:00 a.m. to 1:00 p.m.

Based on the claims and defendants remaining before the Court, the defendants are required to preserve existing video evidence meeting these requested conditions. If the evidence does not exist, or disposed of prior to receiving notice from Aucoin, defendants will have the opportunity to address that concern if necessary during the appropriate discovery period. Accordingly,

**IT IS ORDERED** that plaintiff's **Motion to Preserve Evidence (ECF No. 7)** is **DENIED in part** to the extent it seeks preservation of video evidence related to claims and defendants

already dismissed by the Court per the May 24, 2021, Order and Judgment (ECF Nos. 20, 21) and

**GRANTED in part** as to the specific evidence identified in this Order in connection with the

remaining claims and defendants.

New Orleans, Louisiana, this  26th  day of May, 2021.

_____
KAREN WELLS ROBY
**CHIEF UNITED STATES MAGISTRATE JUDGE**

3