UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CRAIG JOSEPH AUCOIN** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 2:21-cv-00110** |
| | * | |
| **TERREBONNE PARISH** | * | **SECTION: "I"(4)** |
| **SHERIFF'S OFFICE , ET AL** | * | |

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is a **Motion to Dismiss (Rec. doc. 27)** filed by defendant, Richard Neal (Neal), seeking a dismissal of the medical indifference claim filed by Aucoin. This motion is submitted in response to the Court's June 1, 2021 Order (R. Doc. 24) and is limited to those claims the Court has itemized in its April 27, 2021 Partial Report and Recommendation (R. Doc. 17, pp. 29-20) and its May 24, 2021 Order (R. Doc. 20, p. 2).  This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2).

I.      **FACTUAL BACKGROUND**

Plaintiff Craig Joseph Aucoin ("Aucoin") is housed in the Madison Parish Correctional Center  in Tallulah, Louisiana.  He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against defendants Terrebonne Parish Sheriff's Office ("TPSO"), former Terrebonne Parish Sheriff Jerry Larpenter, Colonel Terry Daigre, Terrebonne Parish Sheriff Tim Soignet, Major Bergeron, TPCJC Warden Captain Rhonda

Ledet, Lt. Schwausch, Terrebonne Parish Consolidated Government, Medical Director Richard "Petie" Neal, Dr. Richard Haydel, Lt. Theriot, Lt. Harris, and Officer Adam Billiot challenging the conditions of his confinement and the adequacy of his medical care.

Plaintiff complains that on February 28, 2020 he filed an ARP against the "medical department" for "wrongs" he suffered since being booked into the jail. Neal responded to the ARP that he would try to find another wheelchair for Plaintiff. Plaintiff then complains that "they" conspired to retaliate against Plaintiff. R. Doc. 1, p. 20, ¶ 7.

Plaintiff alleges that on April 15, 2020, he was put on lockdown. He complained that the "medical staff" and the facility staff would not allow him to have his wheelchair during the lockdown. R. Doc. 1, p. 29. They did give him the wheelchair during his daily one hour break out of lockdown. *Id.*

On August 6, 2020, according to Plaintiff, the "medical department" took his wheelchair from him because "they" called the physical therapist "trying to undermine my therapy process by pressuring him [the therapist] to recommend that I no longer needed the wheelchair." R. Doc. 1, p. 35, ¶ 36. This forced him to use a walker. R. Doc. 1, p. 36. Plaintiff submitted a grievance against "medical" for taking the wheelchair. R. Doc. 1, p. 36.

Finally, Plaintiff complains that on September 2, 2020, while walking he felled due to his leg giving out, which was a direct result "of them taking the wheelchair from me . . ." R. Doc. 1, p. 37-38, ¶ 40. Plaintiff was adamant about wanting to go to the hospital to be checked out. According to the Plaintiff, "[t]he medical staff, Mrs. Monique" said that the lieutenant on duty said not to take you."[1] *Id.* Plaintiff details asking for help to urinate, and, when none was given, him having to urinate on the floor. *Id.*

---

[1] The medical staff does not transport prisoners anywhere.

On April 27, 2021, the undersigned issued a partial report and recommendation recommending that Aucoin's claims against the Terrebonne Parish Consolidated Government and the Terrebonne Parish Sheriff's Office be dismissed with prejudice along with the medical indifference claims against Dr. Richard Haydel. R. Doc. 17.  The Court further recommended dismissal of claims arising from his temporary sleeping accommodations from February 8-14; 2020; one missed meal on March 17, 2020; ineffective and inconvenient grievance process; challenges to the March 17, 2020 disciplinary violations and 10-day sentence for cursing at Deputy Billiot; and the incomplete commissary order on December 3, 2020 against Sheriff Larpenter, Colonel Daigre, Sheriff Soignet, Major Bergeron, Warden Ledet, Lt. Schwausch, Mr. Neal, Lt. Theriot, Lt. Harris and Deputy Billiot.  *Id.* The Court further found that Aucoin's claims of retaliation against the defendants would be allowed to proceed forward. *Id.*

Now before the Court, Richard Neal, the medical director at the TPCJC has filed the subject motion seeking to dismiss the retaliation claim against him for the failure to state a claim.  R. Doc. 27. According to Neal, Aucoin's claims revolve around the "medical staff" denying him access to a wheelchair. R. Doc. 1, pp. 10, 11, and 22.

Plaintiff contends that his complaint is detailed and should be allowed to proceed. R. Doc. 32.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal of a complaint "for failure to state a claim upon which relief can be granted."  A motion to dismiss under 12(b)(6) attacks the legal sufficiency of the complaint. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Additionally, "[f]actual allegations must be enough to raise a right to relief above the speculative

3

level." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  A plaintiff has an "obligation to provide the 'grounds' for his 'entitlement to relief,' [and that] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*.

In order for a complaint to survive a motion to dismiss, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombley*, at 570, 127 S.Ct. 1955). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.  Only when there are well-pleaded factual allegations should a court assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 664.

### III.   ANALYSIS

#### A.  No Claim Stated Against Neal in His Official Capacity

Neal contends that Aucoin's claim is generally against the medical department for the denial of his request for a wheelchair.  He contends that Aucoin failed to allege any specific facts against him but only refers to the unknown medical staff.  R. Doc. 27-1. Neal contends because Aucoin fails to set forth any facts against him, that even in his official capacity as director the claims should be dismissed because it is the equivalent of a claim against the Terrebonne Parish Consolidated Government. *Id.*

Aucoin complains that the defendant's motion and memo are actually "cookie cutter" and is filed in every case he has filed against the defendants ." R. Doc. 32.  Aucoin alleges that Neal responded to his ARP indicating that he would check for the wheelchair, but no wheelchair was ever provided.  *Id.*  He alleges that they conspired against him, which included Neal, the medical staff under his supervision and the Sheriff's officer who make up the jail's administration.  He alleges that Neal claimed to try to find another wheelchair for Aucoin but never actually attempted

to locate one nor did he ever replace his wheelchair, and this was done with intent to inflict wanton unusual punishment. *Id.* Aucoin argues in his memo but not in the complaint that Neal was a policy maker and responsible for the medical personnel's supervision, treatment protocols and discipline, and training. *Id.* Aucoin goes on further restating facts that are contained in his original complaint. *Id.*

A claim against defendants in their official capacity is, in reality, a claim against the government entity which the defendants serve. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). The existence of a constitutional violation and a municipality's liability for that violation are two separate issues and liability attaches only where the municipality *itself* causes the constitutional violation at issue. *Brown v. Bolin*, 500 Fed. Appx. 309, 316 (5th Cir. 2012) (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 649 n. 4 (5th Cir. 1996) (en banc)).

Accordingly, a plaintiff seeking to hold a municipality liable under § 1983 must show "(1) a policymaker; (2) exercised deliberate indifference in promulgating an unconstitutional policy; and (3) the unconstitutional policy was a moving force in the violation of an individual's constitutional rights." *Brown*, 500 Fed. Appx. at 316 (5th Cir. 2012) (citation omitted); *see also Dill v. Ascension Parish*, No. 12-0083, 2013 WL 4499030, *2 (M.D. La. Aug. 19, 2013) (citing *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984)) (Plaintiff must "identify an alleged policy, show a connection between the policy and the governmental entity itself, and show that his injuries were incurred because of the application of that specific policy."). In other words, attempts to recover against Defendants are limited to claims *directly associated* with the policy statements, regulations, and decisions *officially* adopted and promulgated by these defendants. *See Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978).

Neal is correct; Aucoin does not allege in the complaint that Neal was a policymaker, even though he tried to make that argument in his memorandum. Plaintiff has not alleged that Neal was

responsible for the medical personnel's training, supervision, treatment protocols, and/or discipline. Plaintiff has not alleged that the policies, practices, and procedures of the Terrebonne Parish Consolidated Government with respect to medical care at the jail were inadequate and/or posed a danger of serious bodily injury to individuals. He does not allege any facts sufficient to show deliberate indifference or constitutional violations.

"A § 1983 plaintiff must plead facts with sufficient particularity to meet all the elements of recovery. This heightened pleading requirement applies to allegations of municipal custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) (conclusory allegations of policies were insufficient to state a claim where the complaint stated no facts to support assertions that policies or lack thereof resulted in a violation of rights). While there is no heightened pleading standard with respect to claims against municipalities, "a plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Mays v. Bd. of Comm'rs Port of New Orleans*, No. 14-1014, 2015 WL 1245683, *10 (E.D. La. Mar. 18, 2015) (quoting *Colle v. Brazos Cnty., Tex.,* 981 F.2d 237, 245 (5th Cir. 1993); *Spiller v. City of Tex. City, Police Dep't,* 130 F.3d 162, 167 (5th Cir. 1997)) (granting motion to dismiss where plaintiff failed to identify any official policy or custom that caused her alleged injuries).

Plaintiff has not alleged any facts that support a claim for any civil rights violation against Neal in his official capacity. He has made no allegations specific against Neal at all in any capacity that rise to the level of a constitutional violation. Therefore, the Court finds that the claim filed by Aucoin against Neal in his official capacity should be dismissed.

B. **Deliberate Indifference**

Next, Neal seeks dismissal of the medical indifference claim Aucoin filed against him alleging that the complaint fails to show he was treated with "deliberate indifference." Therefore, Neal contends that the medical indifference claim filed against him by Aucoin should be dismissed.

Aucoin contends that Neal, his medical staff, the facility, and its officers knew that he needed his wheelchair at all times but they refused to permit him to have one except for when he was leaving the cell. The crux of his complaint is that he needed his wheelchair at all times. Aucoin argues that the act of only providing the wheelchair when he was leaving the jail was done intentionally to burden him and cause him pain, discomfort, and possible injury. He also complains in his response that if he was not allowed to have a wheelchair in lockdown then the prison officials should not have placed him in lockdown.

Aucoin also argues that when he asserts a claim against the medical department, it is the equivalent of asserting a claim against Mr. Neal because he is the Medical Director. He alleges further that once Neal became aware of the situation and refused to fix the wrong, he became a direct cause of the wrong. According to Aucoin again, their decision to place him in lockdown evinces their intent to harm him.

Aucoin also complains that the medical staff took his wheelchair while he was undergoing therapy because they believed that the therapy process was not progressing fast enough. He alleges that if they had never interfered with the therapy process, he would have never fallen.

The United States Supreme Court has addressed the question of alleged inadequate medical care in jails and has determined that a constitutional violation for purposes of a §1983 claim occurs *only* when the conduct amounts to "deliberate indifference to [the prisoner's] serious medical needs", "constitut[ing] the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble,* 429

U.S. 97, 104 (1976) (internal citation omitted) (quoting *Gregg v. Georgia,* 428 U.S. 153, 182-83 (1976)). *Estelle* defined the "deliberate indifference" standard, explaining that a prison official is not liable "unless the official *knows of and disregards* an excessive risk to inmate health or safety". *Id. (emphasis added)*; *see also Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998). The Fifth Circuit has repeatedly noted that deliberate indifference is an extremely high standard to meet. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)*; Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985).

Disagreement with medical treatment is insufficient to state a claim of deliberate indifference. *See Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991); *Gracia Ledezma v. United States,* 382 F. App'x 381, 383 (5th Cir. 2010) (dismissing claim for civil rights violations on Rule 12(b)(6) motion for failure to state a claim). Notably, delay in receiving medical treatment is actionable only where there is deliberate indifference *and* the delay results in substantial harm. *See Clark v. Gusman*, No. 11-2673, 2012 WL 1825306, *4 (E.D. La. Mar. 29, 2012) (three week delay before seeing a doctor was not unreasonable for nonemergency care).

Under Federal Rule of Civil Procedure 8, Plaintiff is required to state the basis for his claim for relief against an individual defendant. He has not alleged deliberate indifference or failure to ensure his safety by Neal. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Estelle*, 429 U.S. at 106. The same rule applies to a pretrial detainee under the 14th Amendment. *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019). Therefore, inadequate medical treatment of inmates may, at a certain point, rise to the level of a constitutional violation, while malpractice or negligent care does not. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) ("It is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action"); *Williams v. Treen*, 671 F.2d 892,

8

901 (5th Cir. 1982) ("mere negligence in giving or failing to supply medical treatment would not support an action under Section 1983"). *See Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989) ("Mere negligence would not establish a claim.").

Here, Plaintiff simply alleges he was not provided with a wheelchair and then denied a wheelchair, which caused him to fall. He does not allege who refused him the wheelchair. He asserts no factual allegations about Neal's conduct which would arise to the level of "deliberate indifference." He further alleges that the therapist signed a form saying that he no longer needed a wheelchair, but he fails to allege that Neal somehow played a roll in the confiscating of the wheelchair. Notably, Plaintiff neither mentions nor identifies any alleged wrongful acts by Neal that rise to the level of a constitutional violation. Such is insufficient to state a claim against him.

In addition to a basic failure to comply with the pleading provisions of Rule 8, when taken as a whole, Plaintiff's complaint fails to meet even the most basic requirement for a claim for relief against Neal. He does say that Neal indicated he would try and get him one. Assuming that somehow Neal forgot or was not able to secure a wheelchair for his use, neither of these circumstances state a legally cognizable claim of medical indifference. The Court, therefore, finds that the medical indifference claims against Neal fail and the motion seeking dismissal of the claims against Neal should be granted. Having determined that Aucoin has failed to state a medical indifference claim against Neal, the Court does not reach the issue of qualified immunity.

Plaintiff has failed to state a cause of action against Defendant, Richard Neal. He does not allege any facts regarding Neal's actions. The facts are insufficient to rise to the level of a constitutional violation by Neal. He does not contend that Neal was the individual who was involved in any of the alleged incidents with the wheelchair. All claims Plaintiff asserts against Neal must be dismissed, with prejudice.

## IV.     RECOMMENDATION

Accordingly,

**IT IS RECOMMENDED** that the **Defendant's Motion to Dismiss Under Rule 12(b)(6) (R. Doc. 27)** be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Defendant Richard Neal be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 2nd day of August, 2021.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**